# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| LORETTA WRIGHT,<br><br>    Petitioner,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Respondent, | Case No.: 1:18-cv-00271-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Loretta Wright's Complaint/Petition for Review (Dkt. 1), seeking review of the Social Security Administration's decision denying her application for Social Security Disability Insurance benefits and Supplemental Security Income benefits for lack of disability. *See generally* Compl./Pet. for Review (Dkt. 1). This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. ADMINISTRATIVE PROCEEDINGS

On December 20, 2016, Petitioner Loretta Wright ("Petitioner") filed a Title II application for a period of disability and disability insurance benefits; also on December 20, 2016, Petitioner protectively filed a Title XVI application for supplemental security income. In both applications, Petitioner alleged disability beginning May 1, 2016. These claims were denied on March 22, 2017 and, again, on reconsideration on June 8, 2017. On July 10, 2017, Petitioner timely filed a Request for Hearing. On December 21, 2017, Administrative Law Judge ("ALJ") David Willis held a hearing in Boise, Idaho, at which time Petitioner, represented

**MEMORANDUM DECISION AND ORDER - 1**

by attorneys Bradford D. Myler and Liberty Straney, appeared and testified. Impartial vocational expert Sara Statz also appeared and testified.

On February 28, 2018, the ALJ issued a Decision denying Petitioner's claims, finding that she was not disabled within the meaning of the Social Security Act. Petitioner timely requested review from the Appeals Council and, on April 17, 2018, the Appeals Council denied Petitioner's Request for Review, making final the ALJ's Decision.

Having exhausted her administrative remedies, Petitioner timely filed the instant action, arguing generally that "[t]he agency committed error of law by denying Appeals Council review of the decision by the Administrative Law Judge, or otherwise to deny relief that was within the authority of the Appeals Council"; "[she] is disabled"; and "[t]he conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation." Compl./Pet. for Review, p. 2 (Dkt. 1). Specifically, Petitioner claims that the "[residual functional capacity assessment] is unsupported by substantial evidence because the ALJ failed to afford adequate weight to the opinion of PT Berg." Pet.'s Brief, pp. 1, 9 (Dkt. 17). Petitioner therefore requests that the Court either reverse the ALJ's Decision and find that she is entitled to disability insurance benefits and supplemental security income or, alternatively, remand the case for further proceedings and award attorneys' fees. *See id*. at p. 14; *see also* Compl./Pet. for Review, p. 2 (Dkt. 1).

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. *See* 42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual

decisions, they must be upheld, even when there is conflicting evidence. *See Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is understood to be such relevant evidence as a reasonable mind might accept as adequate to support an ALJ's finding/conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance (*see Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

As to questions of fact, the Court's role is to review the record as a whole to determine whether it contains evidence allowing a reasonable mind to accept the conclusions reached by the ALJ. *See Richardson*, 402 U.S. at 401. The ALJ is responsible for determining credibility and resolving conflicts within the medical testimony (*see Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984)), resolving any ambiguities (*see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)), and drawing inferences logically flowing from the evidence contained in the record (*see Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)). Where the evidence is susceptible to more than one rational interpretation, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *See Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

As to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *See Matney*, 981 F.2d at 1019. At the same time, the ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that

**MEMORANDUM DECISION AND ORDER - 3**

is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *See Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. **REPORT**

#### A. **Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. *See* 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. *See* 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe her physical/mental impairments are and regardless of her age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner "has not engaged in substantial gainful activity since May 1, 2016, the alleged onset date." (AR 16).

The second step requires a determination of whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. *See* 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of

**MEMORANDUM DECISION AND ORDER - 4**

impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 416.921. If there is no severe medically determinable impairment or combination of impairments, benefits are denied. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Petitioner has the following severe impairments: "obesity, degenerative disc disease, left hip degenerative joint disease, migraines, gastritis, and duodenitis." (AR 16).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See id*. Here, the ALJ concluded that Petitioner's above-listed impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments. *See* (AR 16-17).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* 20 C.F.R. §§ 404.1545, 416.945. On this point, the ALJ concluded:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift/carry/push/pull 20 pounds occasionally and less than 10 pounds frequently. She can sit up to 6 hours per 8-hour workday. After sitting 45 minutes, she must alternate to standing/walking 15 minutes before resuming sitting. She can stand and/or walk 6 hours per 8-hour

**MEMORANDUM DECISION AND ORDER - 5**

workday. After standing/walking 45 minutes, she must alternate to sitting 15 minutes before resuming standing/walking. She can occasionally balance, stoop, kneel, and climb ramps/stairs. She can never crouch, crawl, or climb ladders/ropes/scaffolds. She can tolerate occasional exposure to extreme cold and vibration. In addition to normal breaks, she will be off task 10% of time in an 8-hour workday, and she will be absent from work one day per month.

(AR 17-18).

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of her impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). Here, the ALJ found that Petitioner is unable to perform any past relevant work but that, considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform, including marker, routing clerk, and ticket seller. *See* (AR 20-21). Therefore, the ALJ concluded that Petitioner "has not been under a disability, as defined by the Social Security Act, from May 1, 2016, through the date of this Decision." (AR 21).

**B.     Analysis**

On October 2, 2017, physical therapist, Darangee Berg, completed a "Medical Source Statement of Ability to Do Work-Related Activities (Physical)" ("Statement") on Petitioner's behalf, indicating that she was limited to less than a full range of sedentary work activity. (AR 717-722). In this respect, PT Berg opined that Petitioner was limited to (1) sitting five hours per eight-hour day, not to exceed two hours at one time; (2) standing only one hour per eight-hour day, not to exceed five minutes at one time; and (3) walking only two hours per eight-hour day, not to exceed one hour at one time. *See* (AR 718). These limitations represent the pertinent

differences between PT Berg's opinions and the ALJ's RFC assessment, with a side-by-side comparison of each's interpretation of Petitioner's limitations revealing (differences in italics):

| LIMITATION | ALJ | PT BERG |
|---|---|---|
| Lifting, Carrying, Pushing, Pulling | 20 pounds occasionally<br>10 pounds frequently | 20 pounds occasionally |
| *Sitting in Eight-Hour Day* | *Up to six hours (after sitting for 45 minutes, Petitioner must alternate to standing/walking for 15 minutes before resuming sitting)* | *Up to five hours (two hours at a time)* |
| *Standing/Walking in Eight-Hour Day* | *Up to six hours (after standing/walking 45 minutes, must alternate to sitting for 15 minutes before resuming standing/walking)* | *Up to one hour standing (five minutes at a time); up to two hours walking (one hour at a time)* |
| Balancing | Occasionally | Occasionally |
| Stooping | Occasionally | Occasionally |
| Kneeling | Occasionally | Occasionally |
| Climbing Ramps/Stairs | Occasionally | Occasionally |
| Crouching | Never | Never |
| Crawling | Never | Never |
| Climbing Ladders/Scaffolds | Never | Never |
| *Exposure to Extreme Cold and Vibration* | *Occasionally* | *Never* |

*Compare* (AR 17-18), *with* (AR 717-721). However, the ALJ only accorded "limited weight" to PT Berg's opinions, noting (1) her limited treatment relationship with Petitioner prior to drafting the Statement; (2) the inconsistency between the Statement and "unremarkable imaging scans"; and (3) the inconsistency between the Statement and Petitioner's daily activities. *See* (AR 19). Petitioner disagrees, arguing that the ALJ's RFC analysis at step four of the sequential process is compromised because the ALJ failed to fully incorporate PT Berg's opinions therein and, therefore, is unsupported by requisite substantial evidence. *See* Pet.'s Brief, pp. 9-14 (Dkt. 17).

**MEMORANDUM DECISION AND ORDER - 7**

An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *See id*. The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

However, "only physicians and certain other qualified specialists are considered '[a]ccepted medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original). Other providers, including physical therapists like PT Berg, are *not* acceptable medical sources. *See* 20 C.F.R. § 404.1513(a). The ALJ may evaluate opinions of non-accepted medical sources using the same factors applied to evaluate medical opinions of accepted medical sources; still, the ALJ may give less weight to the opinions of non-accepted medical sources than to those of accepted medical sources. *See* SSR 06-03p, *available at* 2006 WL 2329939, at *5. Accordingly, the ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Loop v. Colvin*, 651 F. App'x 694, 696 (9th Cir. 2016). Here, the ALJ's reasons for discounting PT Berg's opinions and giving them only "limited weight" are sufficiently specific and germane.

First, PT Berg prepared the Statement in the middle of treating Petitioner. So, while it is not completely accurate to imply that PT Berg had not established a relationship with Petitioner by the time PT Berg authored the Statement on October 2, 2017 (she had treated Petitioner 12

**MEMORANDUM DECISION AND ORDER - 8**

times up to this point), the Statement – even if accurate – reflects only a snapshot of Petitioner's condition *at that time*. In other words, owing to PT Berg's continued treatment of Petitioner beyond October 2, 2017, the opinions contained within the Statement are necessarily incomplete in that they do not incorporate the dynamic of any progress Petitioner experienced via physical therapy over time. *See, e.g.*, (AR 740) (10/13/17 treatment note indicating that Petitioner "is able to walk 3 laps at the Rec Center"); (AR 744) (10/20/17 treatment note indicating that Petitioner's original 2-week goal of performing daily exercises had been achieved); (AR 746) (10/24/17 treatment note indicating "[i]improvement in gait noted today and able to comfortably place right foot on step"); (AR 775) (10/27/17 treatment note indicating "[i]mproved ability to raise left and place foot on step forward and laterally"); (AR 777) (10/30/17 treatment note indicating that "Lortetta has made many improvements in therapy including being able to fully extend the left hip while supine, lifting the left lower extremity onto the table without assistance and clearing the left foot when stepping up on a stair"); (AR 784) (11/14/17 treatment note indicating that "Loretta has improved movement patterns [and] is talking about vocational rehab"); (AR 789) (11/21/17 treatment note indicating that Petitioner is "able to ambulate with improved cadence today" and "is walking 1 mile at the Rec Center and doing aquatic exercise class"); (AR 791) (11/28/17 treatment note indicating that Petitioner is "[a]ble to advance exercises gradual").[1] In this sense, then, the Statement's import is indeed limited.

Second, the objective medical evidence available at the time PT Berg drafted the Statement neither supports nor provides a basis for her opinions. For example, as the ALJ pointed out, (1) an April 17, 2017 left hip x-ray was "unremarkable"; (2) a May 12, 2017 lumbar

---

[1] To be clear, the point of these references to the record is not to show that Petitioner is not disabled but, rather, to indicate that PT Berg's October 2, 2017 Statement is a static representation of her opinions as to Petitioner's limitations as of that date only and, thus, is incapable of speaking to Petitioner's progression in the days and months thereafter.

**MEMORANDUM DECISION AND ORDER - 9**

x-ray indicated only "mild disc disease"; and (3) a June 1, 2017 MRI of Petitioner's left hip "revealed only mild edema and mild trochanteric bursitis". (AR 19) (citing (AR 626, 635-636)). According to the ALJ, in this setting, the Statement "is not consistent with the aforementioned unremarkable imaging scans." (AR 19); *see also id*. ("The imaging scans of her allegedly painful joints do not fully support her allegations concerning severe and constant pain with prolonged walking or standing."). This separate critique represents a sufficiently specific and germane reason to discount PT Berg's opinions. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (finding that ALJ provided germane reason when he stated that "other source" opinion testimony was inconsistent with objective medical evidence).[2]

Finally, Petitioner's daily activities themselves conflict with the restrictive standing and walking limitations opined by PT Berg. Specifically, despite PT Berg's opinion that Petitioner could stand for only five minutes at a time (for a total of one hour a day), walk for only one hour at a time (for a total of two hours a day), and sit for two hours at a time (for a total of five hours a day), Petitioner testified that she essentially walks much of the day. *See* (AR 43-45, 53-55) (testifying that she walks to bus stop, takes bus to Rec Center, and "basically just walk(s) around" when not participating in water therapy and exercises therapist gave her); *see also* (AR 730) (9/25/17 treatment note indicating Petitioner "walks a lot during the day due to being

---

[2] Petitioner points to later-in-time "MRIs" which she argues "revealed much more severe findings." Pet.'s Brief, p. 11 (Dkt. 17). In doing so, however, she does describe how the clinical findings (e.g., "diffuse disk bulging at L3-L4, disc desiccation with broad-based disc bulging, and canal stenosis at L4-5" (*Id*.)) are connected to her ability, or inability, to sustain work – the ALJ's exact concern when addressing Petitioner's disability claim and PT Berg's opinions. Regardless, these December 2017 results *were also* addressed by the ALJ – just not with respect to his handling of PT Berg (because they did not exist on October 2, 2017 when PT Berg prepared the Statement). *See* (AR 19). And, in that respect, the ALJ highlighted the same points raised by Petitioner above, before concluding (as did the report) that it "revealed degenerative disc and facet disease, but no acute abnormality." *Id*. (citing (AR 817-819)). There is no dispute that Petitioner suffers from degenerative disc disease and left hip degenerative joint disease – the ALJ concluded as much at step two of the sequential process. *See supra*.

**MEMORANDUM DECISION AND ORDER - 10**

homeless"). The Ninth Circuit has agreed that an ALJ may discount the medical opinion where the prescribed restrictions were inconsistent with the level of activity maintained by a claimant. *See, e.g., Lee v. Berryhill*, 2017 WL 6629018, *1 (9th Cir. 2017) (finding that ALJ provided specific and legitimate reasons to reject examining physician's opinions where claimant's "daily activities [were] inconsistent with [the physician's] conclusion that [the claimant] cannot work"); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (where claimant "indicated that she was able to take care of her personal needs, prepare easy meals, do light housework, and shop for some groceries," court found that "[a]n ability to perform such activities may be seen as inconsistent with the presence of a condition which would preclude all work activity").

At bottom, there is no question that Petitioner suffers from several impairments (acknowledged as "severe" by the ALJ (*see* (AR 16)) that impact her ability to work; however, the ALJ provided specific and germane reasons for rejecting/questioning certain opinions contained in the medical record – namely, those of PT Berg's. These opinions were not given the weight Petitioner argues that they deserved, but such opinions clearly were considered in the context of the surrounding medical record.

The Court's duty here is not to resolve the conflicting opinions and ultimately decide whether Petitioner is once-and-for-all disabled as that term is used within the Social Security regulations. Rather, this Court must decide whether the record supports the ALJ's decision that Petitioner is not disabled. This record contains conflicting medical opinions, testimony, and accounts that inform the ALJ's consideration of the various medical viewpoints. His decision to discount certain opinions while crediting others is supported by clear and convincing, specific, legitimate, and germane reasons. Hence, because the evidence can reasonably support the ALJ's conclusions, this Court will not substitute its judgment for that of the ALJ even if this Court were to have a different view. *See Richardson*, 402 U.S. at 401; *Matney*, 981 F.2d at 1019.

**MEMORANDUM DECISION AND ORDER - 11**

## IV. **CONCLUSION**

The ALJ is the fact-finder and is solely responsible for weighing and drawing inferences from facts and determining credibility. *See Allen*, 749 F.2d at 579; *see also Vincent ex. rel. Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, a reviewing court may not substitute its interpretation for that of the ALJ. *Key*, 754 f.2d at 1549.

The evidence relied upon by the ALJ can reasonably and rationally support the ALJ's well-formed conclusions, despite the fact that such evidence may be susceptible to a different interpretation. Accordingly, the ALJ's decisions as to Petitioner's disability claim were based on proper legal standards and supported by substantial evidence. Therefore, the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.

The Commissioner's decision is affirmed.

DATED: September 24, 2019

_____
Ronald E. Bush
Chief U.S. Magistrate Judge